## Joy v. Huit.

Nonsuit: AFTER APPEAL FROM JUSTICE OF THE PEACE. Where, after appeal from the judgment of a justice of the peace, the plaintiff, in the appellate court, becomes nonsuit, it is error for the court to render judgment against him, without testimony, on a set-off pleaded by the defendant, and upon which he had judgment in the justice's court.

*Appeal from Mahaska Circuit Court.*

FRIDAY, JANUARY 27.

THE plaintiff commenced an action without petition, before a justice of the peace, claiming of the defendant the sum of $95. The defendant filed answer in general denial, and claiming $98.80, as a set-off. The cause was

tried before Justice McCarter, on the 11th day of December, 1869, and on the 14th day of December judgment was rendered in favor of the defendant for $46. From this judgment the plaintiff appealed to the circuit court. On the 21st day of September, 1870, the cause being called in regular order for trial in the circuit court, the plaintiff elected to become nonsuit.

Thereupon the court, upon mere inspection of the transcript, and without any testimony rendered judgment against plaintiff for the sum of $46, with interest at ten per cent, and costs.

The plaintiff appeals, and assigns for error the entering of judgment against him without evidence.

*Z. T. Fisher* for the appellant.

No appearance for the appellee.

DAY, Ch. J.— In rendering judgment in favor of defendant, without proof of the amount of his demand, the court erred. The defendant, with reference to his set-off, was placed in the attitude of a plaintiff. Upon him was the burden of proving the justness and amount of his demand. If the plaintiff had proceeded with his action, it is clear that the defendant could not have recovered upon his set-off without proof. Upon what principle does the withdrawal of the plaintiff's claim exonerate the defendant from the necessity of proving his? There having been a trial in the justice's court, a denial of the defendant's set-off is presumed. *Brock* v. *Manatt*, 5 Iowa, 270 ; *Heath* v. *Coltenback*, id. 490. And even if the plaintiff, in respect to the defendant's set-off, is to be considered in default, still the defendant, in order to recover more than a nominal sum, must prove his demand, and the plaintiff is entitled to cross-examine his witnesses. *B. & M. R. R. Co.* v. *Shaw*, 5 Iowa, 464; *Loeber* v. *Delahaye & Co.*, 7 id. 478.

The judgment of the court below is

Reversed.